COLE MANUFACTURING COMPANY *v.* COLLIER.

*(Jackson.* June 4, 1892.)

1. ARBITRAMENT AND AWARD. *Provision in building contract for submission to, not a bar to suit on the contract, when.*

A provision in a building contract that in case differences should arise between the parties "as to the quality of work or materials, or any other question that may arise under this contract, the same shall be settled by arbitration, each party selecting a good man; and, in the event of their disagreeing, these two shall select a third party, and their decision shall be final," constitutes no bar to a suit brought upon the original contract by a party who had failed or refused to make an effort for settlement of differences by arbitration.

Cases cited: 137 U. S., 370; 136 U. S., 242: 123 U. S., 40.

2. SUPREME COURT. *Will not revise lower Court's discretion in disallowing interest.*

Supreme Court will not reverse the judgment of the lower Court disallowing interest on the debt sued for, when the matter of allowing interest rested in the sound discretion of the court, and there is no manifest abuse of that discretion.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. D. BEARD, Ch.

MYERS & SNEED for Cole Manufacturing Co.

W. M. Smith, Casey Young, and Gantt & Patterson for Collier.

L. Lehman, Sp. J. The bill in this cause was preferred by the complainant, a corporation, to recover from the defendant, W. A. Collier, the price and value of labor and material performed and furnished in the construction of a building, under a written agreement entered into between them on November 14, 1889, the portion of which applicable to the question raised is as follows:

"It is further agreed that in case any difference should arise between the said Collier and the Cole Manufacturing Company as to the quality of work or materials, or any other question that may arise under this contract, the same shall be settled by arbitration, each party selecting a good man; and, in the event of their disagreeing, these two shall select a third party, and their decision shall be final. In consideration of the above, said Collier is to pay the said Cole Manufacturing Company nine thousand dollars ($9,000), more or less, as the amount may be, which amount the said Collier will secure by deed of trust on nine acres of land in the Kinnay Heistand subdivision of land; said trust deed to be drawn at once, and held by E. C. Jones until said building is finished, when he will deliver the same to Mr. W. I. Cole."

W. I. Cole was the president of complainant company.

The bill further alleges the execution of the said trust deed and delivery of it to E. C. Jones; and the complainant therein also prayed that the said Jones, who is a defendant in the cause, and Collier be decreed to deliver up said trust deed; and also asked for the enforcement of the same to satisfy the amount owing by W. A. Collier to the complainant.

The bill contains averments of various demands made for the delivery of the trust deed, and a request on the part of the defendant, W. A. Collier, to have a submission and arbitrament of the claims of the plaintiff because of his dissatisfaction, stated in a general way, with the work done and materials furnished by the complainant, and which request, it is averred, was made, after considerable delay, subsequent to the completion of the building. The latter allegations are made in the bill in order to excuse the refusal of the complainant to submit the matters to arbitration.

The defendant, W. A. Collier, demurred to the bill, assigning, as ground therefor, the failure and refusal of the complainant to arbitrate differences under the provisions of the written agreement of November 14, 1889. Such demurrer was overruled by the Chancellor, and thereupon the defendant, W. A. Collier, filed his answer and cross-bill, in which he denied that the complainant had complied with said contract, and for cross-action set up, in a general way, without stating the amount thereof, damages accruing to him by reason of the com-

plainant's failure to comply with its contract, and arising from its failure to comply with its agreement to arbitrate.

The complainant made no objection to this cross-bill by demurrer or otherwise, but answered the same.

The Chancellor rendered his final decree, allowing the demand of the complainant, and ordering the delivery of said trust deed, and ordering the sale of the land embraced therein for the payment of the said demand.

Both parties have appealed. The defendant, W. A. Collier, appealed from the entire decree, and the complainant, the Cole Manufacturing Company, appealed from so much of the decree as excluded interest on the amount found due, from May 1, 1890, to January 1, 1891, or only allowed interest from January 1, 1891. The defendant, W. A. Collier, assigns for error that the Court below erred in overruling his demurrer and subsequently decreeing, on the pleadings and proof, that the agreement to arbitrate was not a bar to the suit.

We do not deem it necessary to consider whether the complainant, by allegation or proof, furnished an excuse or satisfactory reason for failing or refusing to submit any matter in controversy raised on either side to arbitration, under the provisions of the agreement of November 14, 1889. In the condition of this litigation, and under the rules of law controlling the issues made by the parties and the proof adduced, such inquiry is immaterial.

The position of the defendant is, that in the case of any difference or controversy between him and the complainant in relation to any of the matters contained in their agreement, no suit could be brought by the complainant until there had been an offer made to settle the controversy by arbitration; or, in other words, that an arbitration or an effort to arbitrate was a condition precedent to the right of the complainant to institute its suit.    This contention is erroneous.·

In *Hamilton* v. *Home Ins. Co.*, 137 U. S., 370, the policy of insurance on which the action was based, provided: "In case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators, whose award, in writing, shall be binding on the parties as to the amount of such loss or damage." The plaintiff had refused to enter into arbitration.    The instruction of the trial Judge to the jury, that the plaintiff could not maintain his action because he had so refused, was adjudged erroneous.

In that case a number of decisions are cited, which establish the rule that the breach by the plaintiff of the agreement to submit to arbitration cannot be pleaded in bar of the action on the principal contract, unless such agreement expressly or by necessary implication made the submission a condition precedent to the institution of any suit. *Hamilton* v. *Home Insurance Company* is distin-

guished by Mr. Justice Gray, who delivered the opinion therein, from *Hamilton* v. *Liverpool, London and Globe Ins. Co.*, 136 U. S., 242, wherein the policy involved contained an express condition that no action should be brought until there had been a submission to arbitration.

In the case of *The Excelsior*, 123 U. S., 40, which involved a liability in admiralty for salvage service, the parties had agreed to submit to arbitration the amount to be paid for the service. The defendant made the point that the suit could not be maintained because of the omission to submit to arbitration, and the Court held the objection to be ineffectual, and said that the remedy of the defendant, if any, would be in an action for breach of agreement to submit.

In this view of the case, it is also unnecessary to discuss or consider the inquiry whether this agreement to submit to arbitration was void, because it operated to oust the jurisdiction of the Courts.

We have fully investigated the evidence contained in the record as to the liability of the defendant, W. A. Collier, to the complainant for the amount claimed by the plaintiff, and have therefrom reached the conclusion that the complainant has fully established its claim, and that the defendant has failed to establish the items set up by way of cross-action in his cross-bill.

There was no error in the action of the Chancellor in refusing to allow the complainant interest

Cole Manufacturing Company *v.* Collier.

prior to January 1, 1891. That was a matter which, under established rules of law, rested entirely within the sound discretion of the Chancellor, and with the exercise of which we do not feel at liberty to interfere.

Let the decree of the Chancellor be affirmed. The costs of the Chancery Court will be paid as adjudged in the Court below, and the costs of this Court will be divided, one-half thereof to be taxed against the complainant, and the other half against the defendant, W. A. Collier.