## HUDMON et al. v. CUYAS.

(Circuit Court of Appeals, Fifth Circuit. June 13, 1893.)

**1. SALE—WARRANTY—STIPULATION FOR ARBITRATION—PLEADING.**

In an action for breach of contract in failing to deliver certain cotton of a prescribed quality, a plea is demurrable which alleges that the sale was made on condition that all differences as to grade and quality should be settled by arbitration in Liverpool, but which fails to allege that such arbitration was a condition precedent to bringing suit.

2. PLEADING—ERROR WITHOUT INJURY.

The sustaining of a demurrer to a valid plea is not reversible error when another plea is admitted which includes all the matter alleged in the first plea, with an addition, and lets in all the proof sought to be introduced under the first plea.

3. APPEAL—HARMLESS ERROR—PLEA—EVIDENCE.

In an action for breach of contract of sale, where a demurrer to a special plea of set-off is erroneously sustained, the error is harmless when plaintiff, in support of his account, and under the general issue, introduces such evidence as to the matters covered by the special plea as would open the door for all the evidence which defendant could have offered thereunder if it had been held good. Toulmin, District Judge, dissenting.

4. SAME—INSTRUCTIONS—ABSTRACT PROPOSITIONS.

A judgment will not be reversed because the charge embraced an erroneous proposition of law, which, so far as the record shows, had no application to any evidence in the case, although the record states that there was "other evidence," the nature of which does not appear. Toulmin, District Judge, dissenting.

5. SALE—BREACH OF WARRANTY—MEASURE OF DAMAGES.

Where cotton is sold by sample, with warranty of quality, and an inferior quality is delivered, which necessitates a reselling and a purchase of other cotton to replace it, the buyer may recover as damages the cost of such reselling and replacing. Toulmin, District Judge, dissenting, on the ground that such damages are special, and can only be recovered when specially pleaded.

In Error to the Circuit Court of the United States for the District of Alabama.

At Law. Action by J. Cuyas against Hudmon Bros. & Co. for breach of contract in failing to deliver cotton of a specified quality. Demurrers to certain pleas were sustained, and judgment given for plaintiff upon a verdict returned in his favor. Defendants bring error. Affirmed.

R. B. Barnes, (A. & R. B. Barnes and Arrington & Graham, on the brief,) for plaintiffs in error.

J. Randolph Anderson, (Charlton, Mackall & Anderson, on the brief,) for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

McCORMICK, Circuit Judge. In October and November, 1890, the defendant in error, a citizen of Georgia, and resident of Savannah, contracted with plaintiffs in error, citizens of Alabama, for 300 bales of cotton, to be of a named grade and price, and to be delivered at Savannah, Ga., f. o. b., under rules of the Savannah board of trade. The cotton was shipped by rail to Savannah, samples, weights, marks, etc., sent defendant in error, with railroad receipt, who thereupon paid the price, amounting to $15,900.95. Sixty-five bales of the cotton miscarried, and were paid for by the railroad. Two hundred and thirty-five bales were received, but proved to be so far below the grade and value specified in the contract and samples sent that defendant in error declined to export them, and, after due notice to plaintiffs in error and to their broker, through whom the contract had been made, proceeded to replace

the 300 bales, and had these 235 bales sold in Savannah for account of defendant in error. In his account, based on these transactions, the defendant in error charges: "Dec. 8. Cost of replacing 300 bales, * * * $300.00. Dec. 28. Time and expense attending to the resale of 235 bales of cotton, * * * $117.50." This account claims a balance due defendant in error January 31, 1891, $2,694.59. April 13, 1891, defendant in error commenced his action against the plaintiffs in error in the United States circuit court for the middle district of Alabama, claiming in his complaint this balance of $2,694.59 in three common counts: (1) As due on account; (2) balance due for breach of a contract, (setting out contract;) (3) money received to use of plaintiff; with a fourth count, as amended, claiming $16,000, (setting out contract and breach with careful detail.)

To the complaint as amended the defendants plead: (1) They did not promise as charged; (2) they are not guilty as charged; with these additional pleas:

"(3) And defendants, as further defense to the action of the plaintiff, say that at the time said action was commenced the plaintiff was indebted to them in the sum of $100, for this, that in the month of November, 1890, the defendants sold to the plaintiff one hundred bales of middling cotton, to be delivered f. o. b. Savannah, for export in the state of Georgia, at nine and nine-sixteenths cents per pound, which cotton was tendered by the defendants to the plaintiff, and the plaintiff refused to receive and pay for the same, and cotton declined in price, and defendants were compelled to sell such cotton at nine and seven-sixteenths cents per pound, to their damage as aforesaid.

"(4) And defendants, for further answer to the said complaint as amended, say that the three hundred bales of cotton referred to and mentioned in the said complaint as amended were sold to the plaintiff by defendants on condition that all differences as to grade and quality of the same should be settled by arbitration in the city of Liverpool, England, and plaintiff has never demanded of the defendants that the said differences as to the grade and quality thereof should be settled by arbitration in the city of Liverpool, England, and that such differences, if any there were, were never settled by arbitration.

"(5) And the defendants, for further answer to the said complaint as amended, say that the three hundred bales of cotton referred to and mentioned in the said complaint as amended were sold by the defendants to the plaintiff on condition that all differences as to grade and quality of the same should be settled by arbitration in the city of Liverpool, England, and it was agreed in the contract for the sale and purchase thereof that no action should be maintainable for any difference in grade and quality of the said cotton until after the award of such arbitration, and plaintiff has never demanded of the defendants that such differences as to grade and quality of said cotton should be settled by arbitration in the city of Liverpool, England, and that such differences, if any there were, were never settled by arbitration."

Plaintiff (below) demurred to plea No. 3 on the grounds: (1) That said plea fails to allege a tender of the cotton by the defendants. (2) It fails to allege an unjustifiable refusal to accept the cotton on part of plaintiff.

To plea No. 4:

"(1) There is no allegation in the plea that all the counts of the complaint are founded on the contract set out in the plea. (2) The plea is not an answer to the whole complaint. (3) The plea fails to allege that it was one

of the terms of the alleged contract that no suit should be brought until after arbitration had. (4) Said plea fails to show that the condition therein set forth was such as to prevent the maintenance of a suit. (5) The alleged agreement to arbitrate, set forth in said plea, could not prevent plaintiff from bringing or maintaining this suit."

Plaintiff demurred to the fifth plea, but his demurrer was overruled as to that plea. The demurrers to the third and fourth pleas were sustained. The sustaining of these demurrers is assigned as error. The fourth plea was bad, and the demurrer thereto was properly sustained, because said plea did not show that, under the agreement, an arbitration in Liverpool as to all differences as to grade and quality was a condition precedent to bringing suit. Hamilton v. Liverpool, etc., Ins. Co., 136 U. S. 255, 10 Sup. Ct. Rep. 945; Hamilton v. Home Ins. Co., 137 U. S. 385, 11 Sup. Ct. Rep. 133.

In addition, we may notice that the ruling complained of was without injury to the plaintiffs in error because said fourth plea is substantially embraced in the fifth plea, with an addition, which fifth plea was sustained, and let in all the proof.

As to the third amended plea, we consider that if that plea was good, and the sustaining of the demurrer to it erroneous, the record shows that it was error without injury in this case. The office of such a plea is to let in the proof of defensive matter, and this record shows that under the general issues, or in explanation and support of plaintiffs' account, either all the dealings of the parties referred to in this third plea were shown by the proof embraced in the bill of exceptions, or in other proof which the bill says was in the case, or at least so much was put in by plaintiffs as would have admitted and called for all the proof the defendant may have had on that subject, and on this point no exception is taken to the charge of the court or to the refusing of a proper request for a charge.

It is urged that the court erred in charging the jury "substantially that the plaintiff was entitled to compensation for his time and expenses in replacing 235 bales of cotton bought from defendants, which he had rejected, if said 235 bales of cotton did not come up to the grade at which plaintiff purchased the same."

After a careful examination of the record, we are unable to find the evidence supporting, or tending to support, the issue to which this charge appears to be addressed. From all that is furnished us, it appears that this substantial charge complained of is merely an abstract proposition, the giving of which may or may not have misled the jury, according to the circumstances of the trial, not shown us by the record brought up. That record says "there is other evidence in the case."

In Jones v. Buckell, 104 U. S. 554, it is said:

"With no issue made directly by the pleading, and no evidence set forth or referred to in the bill of exceptions, showing the materiality of the charge complained of, the case presents to us only an abstract proposition of law, which may or may not have been stated by the court in a way to be injurious to the plaintiffs in error. Such a proposition we are not required to consider."

And, again, that court says, in Railroad Co. v. Madison, 123 U. S. 542, 8 Sup. Ct. Rep. 246:

"The record, as it comes to us, presents only abstract questions of law, which may or may not have been ruled in a way to affect the defendant injuriously. It has long been settled that such questions will not be considered here on a writ of error, unless it appears from the bill of exceptions, or otherwise in the record, that the facts were such as to make them material to the issue which was tried."

The account declared on embraces no item for "compensation for his time and expenses in replacing two hundred and thirty-five bales of cotton, bought from defendants, and which he had rejected."

If it did, and the charge was thus relieved of its abstract features, it would seem that there may be exceptions to the general rule that the measure of damages on the seller's failure to deliver goods according to contract is the difference between the contract price and the market price of the goods at the time when, and the place where, they should have been delivered; and that when goods are sold by sample, with a warranty as to quality, and delivery is made of an inferior quality, necessitating a rejection, a return, or a reselling of the goods, and a replacing of the special quality contracted for, the cost of reselling and replacing is necessary and natural damage, as much to be considered as difference in price. See 2 Benj. Sales, (Kerr's Ed. 1888,) § 1260 et seq.

In Penn v. Smith, 93 Ala. 476, 9 South. Rep. 609, Smith had shipped from Tennessee to Alabama flour to Penn, on order specifying brand and price, which Penn refused to take. In an action for damages Smith claimed as part of his damage compensation for time and expense of the member of his firm who came to Opelika, and made resale there of the goods rejected, and the supreme court of Alabama held that he could not recover for the time and expense of the member of the firm who came to Opelika and made the sale. In Barker v. Mann, 5 Bush, 672, Baker, a merchant in Louisville, Ky., sold, in Louisville, and to be there delivered to Mann, a merchant doing business in Brownsville, Tenn., certain goods to be shipped to Brownsville, to be used in Mann's business. Baker failed to send the goods, and Mann brought his action for damages for the nondelivery of the goods. The supreme court of Kentucky found in that case that the most difficult question was as to the measure of damages, and, after reviewing a number of English and American cases, say:

"In this case appellants promptly informed the appellees of their intention to abandon the sale, and there is no reason assigned or appearing why they could not supply the same articles within a few days from other vendors in the Louisville market. Had they done so, their necessary expense, together with their time and trouble, * * * should be regarded as elements making up their damages. * * * It is difficult to lay down any universal rule, for each case must, at least to a great extent, depend upon its own peculiar facts."

It is to be observed that the appellants did not demur to appellee's complaint, and did not object to the introduction of evi-

dence on the ground that there was no plea to admit it. On consideration of the case as brought up to us, we find no error in the rulings of the circuit court requiring a reversal of the judgment, and it is therefore affirmed.

TOULMIN, District Judge, (dissenting.) I regret that I am not able to agree with the court in the conclusions reached by it in this case, but I think there are two errors shown by the record for which the judgment of the court below should be reversed. The complaint contains several counts, two of which are for damages for breach of a contract, and the others are the common money counts. To the complaint the defendants below, (the plaintiffs in error here,) among other things, pleaded set-off, designated in the record as "Plea No. 3." The plea, in substance, is that the defendants sold to the plaintiff (defendant in error here) a lot of cotton for a specified price, which cotton was tendered to the plaintiff, who refused to receive and pay for it, and the defendants claim as damages the difference between the price agreed to be paid and the market value of the cotton at the time of the alleged breach of contract of sale.

If the averments of the plea were true, the defendants had a right of action against the plaintiff, (2 Brick. Dig. p. 415, § 172; Id. p. 416, § 192; Id. p. 423, § 14,) and a right to set up their claim in a plea; and such set-off would extinguish, in whole or in part, as the case may be, the plaintiff's demand, (Code Ala. § 2678.) To this plea plaintiff demurred, on the grounds (1) that the plea fails to allege a tender of the cotton by the defendants; and (2) it fails to allege an unjustifiable refusal to accept the cotton on the part of plaintiff.

The first ground is not well taken in point of fact. The plea does aver a tender.

The second ground is not well taken, because the defendants were not required to negative defensive matter to the claim made in their plea. If the refusal to accept the cotton was justifiable, it devolved on the plaintiff to set it up in a replication to the plea.

The court erred in sustaining the demurrers to the plea. But it is said that, if the court did err in this ruling, it was error without injury, because the record shows that the plaintiff, in testifying in explanation and support of his demand, and of his account in connection therewith, testifies to his dealings with the defendants in reference to the particular cotton mentioned in this plea. While this is true, it nowhere appears in the record that the defendants testified, or offered to testify, in support of their demand set up in the plea. It is true that the bill of exceptions states there was other evidence than that set out in the bill, and it is suggested that in the evidence omitted from the record there may have been some proof on the part of defendants in support of their plea of set-off. If we can indulge in presumptions on the subject, I think the presumption is that there was no such evidence, for the reason that it would not have been admissible, under the state of

the pleadings, after the plea of set-off was stricken out. Set-off is not available under the general issue, but must be specially pleaded. Odum v. Railroad Co., 94 Ala. 488, 10 South. Rep. 222. Besides, if sustaining the demurrers to the plea was error, the presumption of injury arises, which can be rebutted only when it affirmatively appears from the record that proof of the matter set up in the plea was allowed, notwithstanding the plea, under which alone it was admissible, had been stricken out. 1 Brick. Dig. p. 778, §§ 72, 74; Falls v. Weissinger, 11 Ala. 801; Pinkston v. Greene, 9 Ala. 19; 1 Brick. Dig. p. 780, § 100; Leslie v. Sims, 39 Ala. 161; Moody v. McCown, Id. 586; Foster v. State, Id. 229; Buford v. Gould, 35 Ala. 265.

I am also of opinion that the court erred in giving the charge set out in the record, and to which exception was taken. In view of the evidence found in the bill of exceptions, the charge was abstract. Giving an abstract charge is not an error for which the judgment will be reversed, unless it appears the jury were thereby misled to the prejudice of the appellant. But when the bill of exceptions does not, as in this case, set out all the evidence, it will be presumed that the charge given was not abstract. 1 Brick. Dig. p. 336, § 12; Russell v. Erwin, 38 Ala. 44; McLemore v. Nuckolls, 37 Ala. 662; Nesbitt v. Pearson, 33 Ala. 668. Presuming, then, that the charge was not abstract, was it erroneous? The charge was "that the plaintiff was entitled to compensation for his time and expenses in replacing 235 bales of cotton, bought from the defendants, which he had rejected, if said 235 bales of cotton did not come up to the grade at which plaintiff purchased the same." The account declared on by plaintiff embraced no item for "compensation for his time and expenses," and, in my opinion, such compensation, if recoverable at all in a case like this, is not recoverable under the special counts in the complaint. They are for damages for breach of contract. The breach alleged is that defendants failed to ship or deliver to plaintiff a lot of cotton of a specified grade or class which was bought from them by him. The complaint claims general damages, which are such as necessarily result, and as the law implies, from the wrongful act complained of. No particular or special damage is claimed, which is such damage as really took place, and not implied by law. The distinction between general damages and particular or special damage requires the plaintiff, if he seeks to recover such special damage, to notify the defendant by appropriate special averments in the declaration, so that he may not be taken by surprise. 1 Chitty, Pl. 339; 2 Greenl. Ev. § 254; 2 Benj. Sales, § 1306; 1 Suth. Dam. 763; Lewis v. Paull, 42 Ala. 136; Dickinson v. Boyle, 17 Pick. 78; Railroad Co. v. Tapia, 94 Ala. 226, 10 South. Rep. 236.

A plaintiff cannot recover upon proof without pleading. Smith v. Gaffard, 33 Ala. 172; Robinson v. Drummond, 24 Ala. 174.

The damages recoverable by the plaintiff in this case are the natural and proximate consequence of the act complained of as injurious. The measure of damages is the difference between the

price which plaintiff paid for the cotton delivered at Savannah and the market price at Savannah at the time of delivery of cotton of like grade or class; or, in other words, the difference between the value of the cotton at the time of delivery, if the representation as to quality were true,, and the actual value in point of fact. Cawthorn v. Lusk, (Ala.) 11 South. Rep. 731; 1 Suth. Dam. 74, 82, 84, 91; 2 Benj. Sales, §§ 1117, 1305; Rose v. Bozeman, 41 Ala. 678, and authorities cited in the opinion; Johnson v. Allen, 78 Ala. 387; Bell v. Reynolds, Id. 511.

If the plaintiff received and resold the cotton, he could recover the difference between the price he paid and the price received. 2 Greenl. Ev. § 262; Penn v. Smith, 93 Ala. 476, 9 South. Rep. 609.

In an action of this character "the compensation to which the plaintiff is entitled is to be awarded as damages according to established rules, and its amount is a question of law, not governed by any arbitrary assessment, nor, on the other hand, left to the ·fluctuating discretion of either judge or jury." Rose v. Bozeman, supra; Sedg. Dam. marg. p. 29.

My opinion is that, on the pleadings and the facts, the charge of the court was erroneous. For the reasons stated, I feel obliged to dissent from the opinion and judgment of the court in the case.