## GREEN et al. v. AMERICAN COTTON CO.

(Circuit Court, W. D. Tennessee. December 30, 1901.)

1. BREACH OF CONTRACT—ARBITRATION—CONDITION PRECEDENT—DECLARATION.
    Where, in an action for damages for breach of a contract in which it was agreed that matters of difference should be submitted to arbitration, it is averred that plaintiff offered to arbitrate as so provided, and that defendant refused, a demurrer to the declaration, on the ground that arbitration was a condition precedent to an action, should be overruled.

2. SAME—IMPLIED TERMS.
    Where a contract provided that, in case of disagreement, the matter was to be submitted to arbitration by mutual agreement, or, failing that, of exchange arbitration committee, but did not in terms prohibit the bringing an action until arbitration has been had or offered, such condition is not necessarily implied, and a declaration for breach of such contract, which fails to allege arbitration or an offer to arbitrate, is not demurrable on that ground.

At Law.   On demurrer to amended declaration.

Damages for breach of two contracts. In the one plaintiffs agreed to use defendant's patented compress for making round lap cotton bales. In the other defendant agreed, at fixed graded prices, to buy all the cotton compressed by the plaintiffs. Among numerous stipulations carefully regulating these dealings was one for that classification of the cotton upon which the prices to be paid depended, and, if the parties disagreed about this classification, it was to be submitted to arbitration, as provided in the stipulation. There was no express provision that suit should not be brought until arbitration had, but the defendant demurred to the declaration, upon the ground that such a limitation necessarily was to be implied from the structure of the contract and its numerous provisions, so elaborately defining the dealings upon the basis of an arbitration if the prices were not agreed by the parties.

McFarland & Neblett, for the demurrer.
Pierson & Ewing, opposed.

HAMMOND, J. (after stating the facts). The averment in the amended declaration that the plaintiff offered to arbitrate as provided

in the contract, and that the defendant company refused, is overlooked by the demurrer and the argument. That, of itself, results in overruling it.

But, apart from this, it should be overruled. It is conceded that the contract does not in terms prohibit the bringing of a suit until arbitration has been had or offered, but it is contended that such is the necessary implication from the contract. The argument in favor of such an implication is one which only shows that it would have been wise to insert that stipulation in such a contract as this, not that it has been done by the terms relating to the arbitration. The implication that is established by the law is that which necessarily results from the words of the contract, not one indicated as desirable merely by its other characteristics. It is always open to parties to "imply" anything they may desire or that would seem advisable about their contracts, but the necessary implication of the law is that only which is so plain that a contrary intention cannot be supposed. It is tantamount to a direct expression only because nothing else is inferable. The law does not favor stipulations limiting the ordinary right to sue. While it permits them, if there be not otherwise a clear intention manifested to that end the absence of an express avowal of it is conclusive against the restrictive conception of the contract. A necessary implication is always quite as obvious from the terms of the contract as if the words expressed it in fact. 15 Enc. (2d Ed.) 1074. Rhode Island v. Massachusetts, 12 Pet. 657, 723, 9 L. Ed. 1233, 1260, where the words are defined thus:

"Such is the sense in which the common expression is used in the books, 'express words or necessary implication,'—such as arises on the words, taken in connection with other sources of construction, but not conjecture, supposition, or mere reasoning on the meaning or intention of the writing."

Hudson Canal Co. v. Pennsylvania Coal Co., 8 Wall. 276, 288, 19 L. Ed. 349, 353, which thus explains the meaning of the words:

"Undoubtedly necessary implication is as much a part of an instrument as if that which is so implied was plainly expressed; but omissions or defects in written instruments cannot be supplied by virtue of that rule unless the implication results from the language employed in the instrument or is indispensable to carry the intention of the parties into effect."

Again, that court says in Hawkins v. U. S., 96 U. S. 689, 697, 24 L. Ed. 607, 610, that:

"Implied promises or promises in law exist only when there is no express promise between the parties,—'Expressum facit cessare tacitum.' Hence, says Chitty, a party cannot be bound by an implied promise, when he has made an express contract as to the same subject-matter."

Here we have a contract which confessedly does not say that the arbitration stipulated for shall be a condition precedent to the bringing of an action on the contract. The words are:

"We will properly class on American standard classification the samples of all cotton purchased by us, and the balance due you after each shipment will be immediately remitted by check, with returns of each transaction thus closed to a point without unnecessary delay. In case of disagreement, classification to be subject to arbitration by mutual agreement, or, failing that, of exchange arbitration committee, provided we are promptly advised of any exceptions taken to our class."

The court cannot enlarge this stipulation by any implication. That insisted upon is not a necessary one, because the stipulation may be fully carried out without such an enlargement as is wholly independent of this and all the other clauses of the contract. If there were other clauses which, in connection with that above quoted, could not have effect without the proposed enlargement, then the implication would be necessary, but not otherwise. We are asked to make a new and different contract by implication, because one of the parties would now like to supply an omission by that implication. The case of Insurance Co. v. Alvord, 9 C. C. A. 623, 61 Fed. 752, cited for the demurrer, fully sustains the position here taken; for in that case the court refused to supply the omission by implication on words not more barren than those we have here. Both counsel cite only insurance cases, where, indeed, this stipulation is most usually found; but this contract is not more favorable to the proposed implication, nor as much so, I think, as that in Hamilton v. Insurance Co., 137 U. S. 370, 11 Sup. Ct. 133, 34 L. Ed. 708, where the implication was denied, as it was in the case of The Excelsior, 123 U. S. 40, 8 Sup. Ct. 33, 31 L. Ed. 75; Hawkins v. U. S., 96 U. S. 697, 24 L. Ed. 607.

In Smith v. Association (C. C.) 51 Fed. 520, 522, the learned judge, referring to a clause like this, states the principle which commends itself most strongly to my own judgment:

"It is silent as to the effect of a refusal by the assured to arbitrate. The court ought not to read into it a condition not written therein by the parties, which shall oust the court of its ordinary jurisdiction."

While I do not deny that such a stipulation may become a condition precedent by an intention implied for that purpose, I do say that the courts will not, on the above principle, favor such an implication, but reject it, except where it is imperatively a necessary one.

The case of Hudmon v. Cuyas, 6 C. C. A. 381, 57 Fed. 355, is more like this than the insurance cases. There the defense was set up by plea, and it failed upon the trial, just why does not appear, but presumably because the particular stipulation was not a condition precedent, though possibly the plea might have failed in other respects. A comparison of the two pleas in which the defense was made indicates that an implication was relied on rather than an express stipulation, and that the implication was denied. However that may be, the report shows that the defense did not prevail in that case, which in its facts is more analogous to this than are insurance cases so much relied upon by both sides here.

The plaintiff relies on the case of Palatine Ins. Co. v. Morton-Scott-Robertson Co., 106 Tenn. 558, 568–575, 61 S. W. 787, where the arbitration clause of an insurance policy was held impliedly to be a condition precedent. The difference between that contract and this is so obvious, however, as scarcely to need further remark. There it was an express provision that no suit should be brought "until after full compliance by the insured with all the foregoing requirements," including, of course, that for arbitration. This case is more like that of Manufacturing Co. v. Collier, 91 Tenn. 525, 19 S. W. 672, 30 Am. St. Rep. 898, where, in the absence of such a clause

as that just quoted, or anything like it, the implication insisted on here was denied.

Demurrer overruled.