L. A. KEY, *Admr.*, *v.* W. M. NORROD *et al.*

(*Nashville.*  December Term, 1910.)

1. **ARBITRATION AND AWARD.**  Revocation of agreement, at common law, before award.

An agreement to arbitrate, unless made a rule of court, is, under the common law, revocable at any time before the award is made. (*Post, pp.* 148, 149.)

2. **SAME.**  Same.  Common law right of revocation of agreement has not been abrogated or altered by statute.

The common law right of revocation of the agreement to arbitrate, when not made a rule of court, and when exercised before the award is made, has not been abrogated or altered by statute in this State. (*Post, pp.* 149-153.)

Code cited and construed:  Secs. 5188-5195 (S.); secs. 4169-4176 (M. & V.); secs. 3432-3439 (T. & S. and 1858).

Acts cited and construed:  Acts 1851-52, ch. 173, secs. 1 and 2.

3. **SAME.**  Award made after effective revocation of arbitration agreement is void.

An award rendered after the revocation of the agreement to arbitrate, made effective by notice thereof to the arbitrators, is void, because such revocation terminates the authority of the arbitrators. (*Post, p.* 153.)

4. **SAME.**  Agreement to arbitrate could not be made a rule of court, except in a pending suit, at common law.

By the common law the courts had no power to make the agreement to arbitrate a rule of court, unless there was a suit pending therein with reference to the dispute. (*Post, pp.* 152, 153.)

Case cited and approved:  Halliburton v. Flowers, 12 Heisk., 25.

Key v. Norrod.

5. **SAME. Statutes authorize agreement to arbitrate to be made a rule of court, though there is no pending suit.**

Our statutes confer upon the courts authority to make the agreement to arbitrate a rule of court, whether there is a suit pending with reference to the controversy or not. (*Post, pp.* 152, 153.)

See citations under headnote 2.

6. **SAME. Same. Rule of court made upon agreement without pending suit.**

In order that a submission to arbitration may become a rule of court, and, therefore, irrevocable, it is certainly necessary that the parties agree that it may be entered of record; and upon proof thereof, the rule shall thereupon be made. (*Post, pp.* 152, 153.)

See citations under headnote 2.

7. **SAME. Mere agreement to enter the award as a judgment of a certain court does not make the submission irrevocable; question reserved.**

The statute clearly makes irrevocable only such submissions to arbitration as are entered of record, and the mere agreement to enter the award as a judgment of a particular court does not make the submission irrevocable, because the submission is not thereby made a rule of court; and the question whether the mere agreement to enter a submission of record, without actual entry, renders the submission irrevocable, is reserved and not decided. (*Post, pp.* 153, 154.)

See citations under headnote 2.

---

FROM OVERTON.

---

Appeal from the Circuit Court of Overton County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—C. E. SNODGRASS, Judge.

C. J. CULLOM, for plaintiff.

A. H. ROBERTS, for defendant.

Mr. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought to recover judgment on a promissory note. The case resulted in favor of the defendant below, and was appealed to the court of civil appeals. That court affirmed the judgment of the circuit court, and a writ of *certiorari* was granted, and the case brought here.

The defense made to the suit below was that the plaintiff and defendant had entered into an agreement to arbitrate all matters in controversy between them, and that an arbitration was had, which resulted in favor of defendant. The award was pleaded as a bar to the suit.

The plaintiff admitted having entered into an agreement to arbitrate these matters, but showed that prior to the time the award was made he served notice on the arbitrators that he had withdrawn his consent to the arbitration, and he contended, therefore, that the arbitration was had and the award made without authority, and was consequently not binding upon him.

It is conceded that the plaintiff did undertake to withdraw his consent to the arbitration before the award was made, and the hearing was *ex parte,* and the only question in the case is whether an agreement to arbi-

trate, such as this one, is revocable prior to the making of the award.

The submission was drafted with care and at some length, and it is not necessary to set it all out in this opinion.

This submission or agreement to arbitrate specifies the matters in controversy, names the arbitrators, fixes a date for the hearing, includes some other details, and then provides:

"Said award and judgment for costs will be made the decree of the chancery court of Overton county, Tennessee. An execution may be issued thereon as fully as if this cause had been brought in said court in the first instance."

This agreement contains no specification that the submission itself shall be entered of record in any court, but only provides that the award be entered and enforced in the chancery court of Overton county.

It is admitted that at common law an agreement to arbitrate, unless made a rule of the court, is revocable at any time before the award is made; and the law is equally plain that an award made after notice of revocation to the arbitrators is void, for the revocation terminates the authority of the arbitrators.

It is urged, however, that our statute changes the common law in this respect, and it becomes necessary, therefore, to investigate the statutory provisions that obtain in Tennessee, which are contained in the Code of 1858, carried into Shannon's Code, section 5188 et seq:

"5188. All causes of action, whether there be a suit pending therefor or not, may be submitted to the decision of one or more arbitrators, as hereinafter provided. (1851-52, ch. 173, section 1.)

"5189. The submission may be made by any party in interest, or by an executor, administrator, guardian, trustee, or assignee for creditors, or it may be made by a trustee for a married woman, with her consent made in open court and entered of record, or by writing proved by privy examination as in case of conveyance.

"5190. The submission shall be by written agreement, specifying what demands are to be submitted, the names of the arbitrators, and the court by the judgment on their award is to be rendered. (1851-52, ch. 173, sec. 1.)

5191. The submission may be of some particular matters or demands, or of all demands which one party has against the other, or of all mutual demands.

"5192. The agreement may specify that the submission be entered of record in any court of law or equity, or, in cases within their jurisdiction, before a justice of the peace. (1851-52, ch. 173, sec. 2.)

"5193. On proof of such agreement, or by consent of parties in person or by counsel, it shall be entered in the proceedings of the court, or on the docket of the justice, and an order made that the parties submit to the award, which shall be made in pursuance of such agreement.

"5194. Upon such proof or consent, the judge may, in vacation, make upon the agreement the order men-

tioned in the last section, and such order shall have the same force and effect as if made in terms.

"5195. No such submission shall be revocable after the agreement is signed by the parties or entered of record, without leave of the court or justice, except by mutual consent entered of record."

Considering the last three sections quoted, it is seen that section 5192 provides that "the agreement may specify that the submission be entered of record," etc., and that section 5193 provides for the entering of such agreements in the proceedings of the court, and for the entering of an order requiring the parties to submit to the award, and section 5194 provides for the entering of a .life order by the judge in vacation, and section 5195 provides that "no such submission shall be revocable after the agreement is signed by the parties or entered of record, without leave," etc.

After what agreement is signed? Not the agreement to arbitrate, but the agreement to enter the submission of record.

"No such submission" shall be revocable. What sort of submission? A submission *entered of record or agreed to be entered of record.*

The meaning of these sections of the Code is made quite plain by reference to the original act (chapter 173, Acts of 1851-52) :

"Persons desiring to end any controversy, whether there be a suit pending therefor or not, may submit the same, in writing, to arbitration, and agree that said sub-

mission may be entered of record in any court of law or
equity and in cases within their jurisdiction before jus-
tices of the peace, upon proof of such agreement out of
court, or by consent of parties given in court, in person
or by counsel, it shall be entered in the proceedings of
such court or justice and, thereupon, a rule shall be made
in pursuance of such agreement.

"Sec. 2. Be it enacted, that no such submission en-
tered, or agreed to be entered of record in any court, or
before any justice of the peace, shall be revocable by any
party to such submission, without the leave of such court
or justice, and such court may enlarge the term within
which an award is required to be made."

It is obvious that by this act it was intended to confer
on the courts authority to make an agreement to arbi-
trate a rule of court, whether there was a suit pending
with reference to the controversy or not. By the common
law the courts had no such power, unless there was a
suit pending with reference to the dispute. *Halliburton*
v. *Flowers*, 12 Heisk., 25; 5 Cyc., 48.

This act provides that the parties may agree that such
submissions to arbitration shall be entered of record,
and upon proof of such agreement a rule shall thereupon
be made, etc.

In order that such submissions may become a rule of
court, and, therefore, irrevocable, it is certainly necessa-
ry that the parties agree that they may be entered of rec-
ord.

There is no such agreement here, either on the face of

the submission, nor is any such agreement. otherwise proven.

In other words, this submission is not entered of record, or agreed to be entered of record, and it is, therefore, not such a submission as section 2 of the act declares irrevocable.

In order to render a statutory "submission irrevocable, the submission must come within the terms of the statute, and the right to revoke the common law submission is not affected." 5 Cyc., 59.

The Tennessee statute clearly makes irrevocable only such submissions as are entered of record, or at least agreed to be entered of record.

For the reasons stated, we are of opinion that the plaintiff below was within his rights in revoking the authority conferred on the arbitrators to settle the aforesaid controversies, and that the subsequent proceedings by the arbitrators were without effect upon the plaintiff's rights, and the award was void.

The judgments of all the lower courts are accordingly here reversed, and judgment will be entered for the plaintiff against the defendant for the amount of his note, with interest.

To avoid any misapprehension, it perhaps should be added that we do not here decide that a mere agreement to enter a submission of record renders the submission irrevocable, without an actual entry thereof.

This is a matter still open to controversy and does not

arise here. The profession differs about the proper construction of the statute in this respect.

What we do hold is that, under no construction of the statute, does a mere agreement to enter the award as a judgment of court make the submission irrevocable. To effect that end, if the submission itself is not entered of record, there must at least be an agreement that it may be so entered.