BUFORD K. HARMON, Trustee, etc., v. I. KOMISAR, etc., et al.

Middle Section. May 28, 1932.

Petition for Certiorari denied by Supreme Court, December 17, 1932.

406

Byrd Douglas and Eugene T. Hollins, Jr., of Nashville, for appellant, Komisar.

Joseph Martin, of Nashville, for appellee, Trustee.

CROWNOVER, J. On August 27, 1930, I. Komisar, trading under the firm name of Peoples Furniture Company, entered into a contract with the Hartman Furniture Company for the purchase of certain conditional sales contracts in which the title to the furniture was retained. The contracts were divided into two classes. The first lot, totaling $9421.65, he purchased at the rate of forty-five cents on the dollar, or for a total of $4239.74. The contracts were classified, on account of the age and manner in which payments had been made on same, as "active accounts." The second lot, classified as "doubtful accounts," amounting to $1600, he agreed to purchase for $350. Of the total consideration of $4589.74 it was agreed that $4000 should be paid in cash and the remainder, $589.74, should be turned over to W. H. Levine as attorney for both parties to be held by him under the following terms and conditions:

> "It is further agreed between the parties that the sum of $589.74 which has simultaneously with the execution of this instrument been turned over to W. H. Levine as Attorney for both parties, is to be held by him for a period of forty (40) days

from the date hereof, and is for the purpose of allowing party of the second part this length of time to further verify the correctness of the various contract and contract balances purchased by party of the second part, and at the expiration of said 40 days, if the said W. H. Levine be furnished with no written evidence of any discrepancies as to the balance, contracts, etc., then he is to turn over to the party of the first part the entire amount of $589.74, but if at the end of said 40-day period the said W. H. Levine is furnished with written evidence of any discrepancies as to amount, contract, etc., which has been o. k'd by both the parties hereto, then he is to deduct from said sum of $589.74 the amount so shown, which deduction is to be returned to party of the second part and balance to be paid to party of the first part; said deduction to be made at the same rate at which the purchase price is based, to-wit: 45 cents on the dollar on the active accounts, and a proportion of $350 to $1600 on the doubtful accounts. In the event party of the second part produces at the expiration of said 40-day period any written evidence upon which he claims discrepancies or error, which has not been o. k'd. by both parties, or in the event of any dispute as to allowable errors, then the decision of W. H. Levine as to the allowing or disallowing out of said fund as to said discrepancies shall be binding upon both parties, and there shall be no appeal by either party from his decision; said fund to be distributed within ten days from the expiration of said 40-day period.''

Subsequently an additional $50 was deposited with the said W. H. Levine under the terms of said contract, making a total of $639.74 held by him.

On September 12, 1930, the Hartman Furniture Company, Inc., was adjudged a bankrupt, and subsequently the complainant, Buford K. Harmon, was elected trustee in bankruptcy for said company and qualified as such.

Within forty days from August 27, 1930, Komisar brought to W. H. Levine's office and delivered to him a number of conditional sales contracts and ledger sheets which had been sold to him by the Hartman Furniture Company under said contract, stating to said W. H. Levine, orally, that he had made efforts through his office force and collectors and credit bureaus in Nashville to locate the makers of the said contracts but had been unsuccessful. Mr. Levine retained said contracts and ledger sheets and within the forty day period attempted to locate complainant Harmon, but was unable to get in touch with him until April 24, 1931.

On this date the arbitrator gave the parties a hearing under the submission, and after argument of counsel for such side he awarded $462 to the defendant, Komisar, and $178 to the complainant trustee. Prior to the hearing, but after the forty days had expired, Komisar

had made and delivered to Levine an affidavit in which he made oath that he could not locate the parties whose contracts he had previously delivered to Levine. Levine delivered a check for $462 to attorney for Komisar, and tendered a check for $178 to attorney for complainant, which he refused to accept, and then complainant filed his original bill in this cause, attacking the award and seeking the recovery of the entire amount, on the ground that Komisar failed to file with Levine within forty days written evidence upon which he claimed discrepancies and that W. H. Levine misconstrued said contract in holding that a discrepancy within the meaning of the contract included any account which said Komisar could not locate.

W. H. Levine answered said bill and insisted that the award was valid and tendered the sum of $178 into court with his answer. Komisar filed a demurrer and an answer. He demurred to the bill on the ground that complainant was bound by the terms of said contract in which it was agreed that there would be no appeal from the decision or award of the arbitrator, and insisted in his answer that the submission agreement had been observed and that the award was valid.

By written agreement of the parties the case was tried by the Chancellor on oral testimony.

The Chancellor, after overruling defendant's demurrer, found and held that Komisar did not furnish W. H. Levine written evidence of any discrepancies in the accounts sold under said contract within the forty days period, and did not comply with the terms of said contract in this regard. He decreed that Harmon, trustee in bankruptcy of the Hartman Furniture Company, Inc., was entitled to the entire sum of $640; and ordered that Byrd Douglas, Esq., solicitor for defendant Komisar, pay over to the Clerk & Master $462 held by him; that out of the fund of $640 the costs of the cause be paid by the Clerk & Master and the balance be paid to the complainant.

To this action of the court in decreeing the entire sum of $640, less the costs, to the complainant, the defendant excepted.

Motion for a new trial having been overruled, defendant appealed to this court and has assigned errors, which are, in substance:

(1) There is no evidence to support the decree.

(2) The evidence preponderated against the decree.

(3) The court erred in holding that the complainant was not bound by the terms of the original contract wherein it was agreed that there would be no appeal from the decision of W. H. Levine.

(4) The court erred in holding that the defendant had not furnished written evidence of discrepancies in the accounts within the forty day period.

For convenience we will treat the assignments of errors all together.

Where parties have agreed to submission for arbitration and one of them is adjudicated a bankrupt before the hearing, the other party or the trustee in bankruptcy may revoke the submission and proceed under the bankruptcy act. (5 C. J., 60, sec. 119). But where the parties thereafter proceed with arbitration they waive objections previously made, and are bound by the award on submission after adjudication of bankruptcy. In re Patterson-MacDonald Shipbuilding Co., 284 Fed., 277, and 292 Fed., 700; Graham v. Bates, 45 S. W., 465.

The assignment that the court erred in holding that complainant was bound by the original contract in which it was agreed there would be no appeal from the decision of the arbitrator, is not well made and must be overruled. Agreements the object of which is to oust the jurisdiction of the courts are contrary to public policy and will not be enforced. 13 C. J., 455; 3 Williston on Contract, sec. 1725; DaFoe v. Starek, 9 Tenn. App., 668; Mutual Reserve Fund Life Association v. Cleveland Woolen Mills, 82 Fed., 508. And this law applies to arbitration agreements. 5 C. J., 41; 13 C. J., 457. But a clause in an arbitration agreement void because it provides that the award should be final does not render the whole contract void, as the part remaining may be separated from that clause and is in no way affected by its illegality. 13 C. J., 512, sec. 470; Duval Co. v. Charleston Engineering & Contracting Co. (Fla.), 134 So. 509; Cole Mfg. Co. v. Collier, 91 Tenn., 525, 19 S. W., 672.

The assignment that the court erred in holding that the award was not valid because the defendant had not furnished written evidence of discrepancies in the accounts within the forty-day period, is well made and must be sustained. We are of the opinion that Komisar did not file written evidence of the discrepancies within the forty days as required by the arbitration agreement.

Ordinarily, "if there be a time fixed in the submission, whether it be by rule of court, or contract, within which the award is to be made, the arbitrator has no power to act after that time elapses." White v. Puryear, 10 Yerg., 443; Sturges on Commercial Arbitrations & Awards, 523, sec. 222.

But time may be extended by agreement or waived by proceeding without objection. Stages on Commercial Arbitrations & Awards, 523, 524; Abbott's Trial Evidence (4 Ed.), sec. 764; Morse on Arbitration, 83, 173. And participation in the arbitration proceedings is of itself evidence of the agreement to submit. 5 C. J., 23, sec. 14. Waiver may be proved by parol. Abbott's Trial Evidence (4 Ed.), sec. 765.

In this case Komisar was permitted to file with the arbitrator contracts of persons whom he could not locate, and later to file his af-

fidavit in which he stated that he could not locate them. The parties went into trial and were given a hearing by their attorneys just before the award was made. The record does not show that the trustee made any objection to the submission at the hearing; hence, we think he waived the questions of time and of the filing of written evidence of the discrepancies by going into the hearing without objection.

The affidavit filed by Komisar is not in the record and we do not have the evidence that was before the arbitrators. An objection that an award is not justified by the evidence will not be considered where the record does not contain the evidence. Graham v. Bates, 45 S. W., 465. All presumptions and intendments are in favor of an award, and the arbitrator is presumed to have performed his duties. Abbott's Trial Evidence (4 Ed.), sec. 766; Jocelyn v. Donnel, Peck, 275; Cooley v. Dill, 1 Swan, 313.

It is insisted that Komisar's affidavit in which he made oath that he had failed to locate several of the parties who owed on the contracts, is not evidence of any discrepancies, as the word "discrepancies" applied only to the amounts of the indebtedness. But as before stated the affidavit is not before us and we have no way of knowing what was stated therein, except what Komisar and Levine stated in their testimony, but after reading the contract in which Komisar is given forty days for the purpose of allowing him "to further verify the correctness of the various contracts and contract balances" and in event he produces at the expiration of said forty days-period "any written evidence upon which he claims discrepancies or error, which has not been o. k'd. by both parties, or in the event of any dispute as to allowable errors, then the decision of W. H. Levine . . . shall be binding upon both parties," we are of the opinion that it covers any discrepancy or error shown by which Komisar will lose the claim or any part of it. If the party represented to have executed the contract never existed, he would lose the whole account. He investigated through his office and collecting agencies, and was unable to locate the parties, and the bankrupt would furnish him no assistance. The trustee adduced no proof that the accounts or contracts were correct or that the parties actually existed.

"Although courts of chancery do exercise the power of modifying, changing, and setting aside awards when they have been erroneously made by fraud, accident, or mistake, yet the case must be clearly made out before this power will be exercised, and the burden of proof is on the complainant." Hardeman v. Burge, 10 Yerg., 201; Dougherty v. McWhorter, 7 Yerg., 239; 5 C. J., 245.

The evidence preponderated against the decree.

"In all cases taken by appeal or otherwise to the court of appeals from any lower court, the hearing in said appellate

court shall be de novo, upon the record from the court below when the hearing in the lower court was without a jury, but there shall always be a presumption in the appellate court as to the correctness of the judgment or decree of the lower court, unless the evidence preponderates against the judgment or decree. Code, sec. 10622.

Several of the assignments of errors having been sustained the decree of the Chancellor is reversed and the award of the arbitrator will be sustained. The cause is remanded to the Chancery Court of Davidson County for the execution of the award under proper orders of the Chancellor in accordance with this opinion. The cost of the cause including the cost of the appeal is adjudged against the trustee and the surety on his prosecution bond.

Faw, P. J., and DeWitt, J., concur.