ARNOLD M. MEIROWSKY, Plaintiff-in-Error,

*v.*

JOHN S. PHIPPS, d/b/a Phipps Construction Company,
Defendant-in-Error.

432 S.W.2d 885.

(*Nashville,* December Term, 1967.)

Opinion filed October 7, 1968.

ELMER D. DAVIES, JR., Nashville, for plaintiff in error.

A. B. NEIL, JR., Nashville, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

The question presented by this appeal is whether an agreement to arbitrate a provision in a contract to construct a residence may be revoked by a party to the contract with impunity. There is no dispute as to the facts and those necessary to note are as follows:

On March 17, 1966, plaintiff in error entered into a written contract with defendant in error whereby defendant in error was to construct a residence for plaintiff in error. In the course of construction certain controversies arose between the parties in regard to the quality of the work. In accord with the contract, defendant in error called upon the architect to make a decision on the claims of the respective parties. The architect made his decision and notified the parties. Under the contract the architect's decision was subject to arbitration and defendant in error notified plaintiff in error, as to the decision of the architect, he elected to proceed under the arbitration provisions of the contract. Plaintiff in error

then revoked any consent to arbitrate, which revocation defendant in error refused to accept.

On December 7, 1967, plaintiff in error filed suit against defendant in error for damages, alleging the construction defects amounted to a breach of contract with the second count grounded on negligence. In answer to this suit defendant in error filed a plea in abatement on the ground arbitration proceedings were a condition precedent to any right of legal action by the party and since there had been no arbitration proceedings, plaintiff in error was without a legal right or authority to maintain the suit. The trial judge sustained this plea dismissing the suit. Plaintiff in error has perfected his appeal.

The contract of March 17, 1966, in regard to arbitration contains the following provisions:

"All disputes, claims or questions subject to arbitration under the Contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects, and the Agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other.

Under the common law a party could revoke an agreement to arbitrate at any time before a valid award was rendered by the arbitrators. *Key v. Norrod,* 124 Tenn. 146, 136 S.W. 991 (1910); 5 Am.Jur.2d, Arbitration and Awards, Section 36. There is an exception to this rule of

the common law and that is where there is an agreement to arbitrate in reference to a suit pending and such is made a rule of the court. In the case at bar this exception is not at issue.

In the case at bar plaintiff in error did revoke his agreement to arbitrate prior to any award, which, under the common law, he had a legal right to do. If defendant in error is to prevail it will have to be because this common law rule has been abrogated or altered by statute.

The Tennessee Arbitration Statutes are now codified as T.C.A. 23-501 through 23-519. There has been no substantial change in these statutes since their inception in 1852, and it has been held these statutes have added to, not abrogated the common law on this subject. *Halliburton v. Flowers,* 59 Tenn. 25 (1873). On the issue of revocability the foremost analysis of these statutes was made by Mr. Justice (later Chief Justice) Grafton Green, in the case of *Key v. Norrod,* supra.

The *Key* case involved a suit on a note, which controversy the parties, prior to the suit, had agreed to arbitrate. Prior to the final award by the arbitrators one of the parties revoked his agreement to arbitrate and the question presented was whether the agreement to arbitrate was revocable prior to the final award by the arbitrators. The Court, construing our arbitration statutes pari materia, held they required the submission agreement be entered of record in a court having jurisdiction before such would be irrevocable.

Also in the *Key* case the Court noted under these statutes the submission agreement containing on its face or otherwise a provision or agreement that the submission agreement be entered of record in a court having juris-

diction could make the submission agreement irrevocable without an actual entry. The court is careful to note a decision on this point is not made in this case. The Court does hold an agreement that the award of the arbitrators be entered in court is not the same as an agreement that the submission itself be entered of record; and that an agreement that the award be entered in court does not satisfy the demands of the statutes on the issue of revocability of the submission agreement.

■ In the case at bar the agreement to arbitrate was never entered of record in any court. This agreement does state the judgment upon the award may be entered of record in a court having jurisdiction but this is almost identical with the agreement the award be entered in the *Key* case, and such does not satisfy the demands of the statute on the issue of revocability. Under authority of *Key v. Norrod,* supra, plaintiff in error had a legal right to revoke his agreement to arbitrate.

There is yet another reason defendant in error cannot prevail. In considering the revocability of arbitration agreements, it is important to distinguish between contracts which contain agreements to arbitrate future disputes and contracts which are submission agreements of existing disputes. In either case under the common law a party could revoke an agreement to arbitrate at any time before a valid award had been rendered by the arbitrators. The difference is, in the first case (future disputes) there was no liability for revoking the agreement, while in the second case (existing disputes) the breaching party could be subject to an action for damages for breach of the agreement. 5 Am.Jur.2d, Arbitration and Awards, Section 36.

■ In the case at bar it is apparent the agreement to arbitrate is in reference to possible future disputes arising out of the construction of the residence. The point is that our statutes on arbitration provide only for enforcement of submission agreements pertaining to existing diputes. The Court in *Key v. Norrod,* supra, noted the original Act, which said: "Persons desiring to end any controversy * * * may submit the same * * * to arbitration * * *." There is no way this language could be read to make it apply to other than existing disputes. The language in all of the statutes on this subject support this conclusion. This distinction between existing disputes and future disputes is not alluded to in *Key v. Norrod,* supra, such not being necessary, but from the language of that opinion it is obvious the Court was dealing with a contract to arbitrate an existing dispute. The result is that on contracts to arbitrate future disputes, as in the case at bar, our arbitration statutes have no application and the common law governs.

In the case at bar the provisions on arbitration contain the following language:

It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other.

Defendant in error takes the position that the effect of this language is to remove the case at bar from the rules on arbitration above discussed. Defendant in error cites *R. L. Tolley Co. v. Marr,* 12 Tenn.App. 505, cert. denied (1931), which case does tend to support defendant in error's position. This case involved an arbitration provision in a contract to construct a residence and the Court made the following statement:

The provisions for arbitration are not void because it denudes the court of jurisdiction, for the reason it is especially provided the awarded shall be a condition precedent to a proceeding. *Cole Manufacturing Co. v. Collier*, 91 Tenn. 525, 19 S.W. 672 (1892); * * *. 12 Tenn.App. at 512.

In the examination of the *Tolley* case it should be noted it was decided in 1931, several years after the devision in *Key v. Norrod*, supra, yet the *Tolley* case does not anywhere refer to *Key v. Norrod*, supra, but for its authority on the arbitration issue cites *Cole Manufacturing Co. v. Collier*, supra, decided in 1892.

The *Cole Manufacturing Co.* case involved a contract to construct a building, which contract contained a provision for arbitration in case any difference should arise between the parties. The holding in this case is that this language in regard to arbitration will not require a party to the contract to arbitrate their differences prior to a suit on the contract. The Court then by dicta apparently enunciated a rule that if the agreement to arbitrate had been termed a condition precedent to any court action the result would have been different.

We do not think in face of the decision in *Key v. Norrod*, supra, the Court is bound by any statement or decision in regard to arbitration made in the *Tolley* case, and supported by the dictum in *Cole Manufacturing Co. v. Collier*, supra. We reaffirm the decision in *Key v. Norrod*, supra, and the statements or decision in regard to arbitration in the case of *Tolley v. Marr*, supra, and *Cole Manufacturing Co. v. Collier*, supra, are restricted to the facts of those particular cases.

Also, better authority has been recognized that the mere terming of arbitration as a condition precedent to court action should not result in such being irrevocable. Mr. Justice Cardozo in his concurring opinion in the case of *Meacham v. Jamestown, F. & C. R. Co.,* 211 N.Y. 346, 105 N.E. 653 (1914), on this issue stated: "A rule would not long survive if it were subject to be avoided by so facile a device." Also, see Corbin, Contracts, Section 1435.

Defendant in error cites Restatement of Contracts, Section 551(2) and (3) (1932), as follows:

A provision in a bargain imposing as a condition arbitration regarding one or more facts on which a duty depends or regarding the loss suffered by a party injured by a breach of the bargain is not illegal. A bargain in which the only measure of a promisor's duty is whatever valuers or arbitrators shall decide is not illegal unless its terms under the circumstances are unfair.

Restatement follows this quote by a citation from *Dunton v. Westchester Fire Ins. Co.,* 104 Me. 372, 71 A. 1037 (1908), wherein it is stated submissions to arbitration of the question of the amount of damage, or similar matters, that do not go to the root of the action may be made a condition precedent to a court action and no action may be maintained prior to arbitration.

We think appellee has failed to distinguish between an agreement to arbitrate the whole of the dispute and the agreement to arbitrate preliminary fact questions such as evaluation or amount of damages. This distinction has been termed the difference between "arbitration" and "appraisal." An appraisal by its nature would only

determine an incidental fact question, not the presence or absence of legal liability.

On the issue, 5 Am.Jur.2d, Arbitration and Awards, Section 36, states as follows:

And an agreement is not taken out of the scope of the rule (of revocability) by an express stipulation that suit shall be subject to the condition that arbitration first be had, *except as it may be a condition precedent to suit where the agreement is for the purpose of finding preliminary facts or ascertaining values.* (Emphasis supplied.)

In light of the arbitration-appraisal distinction we think the above quote from Restatement cited by defendant in error refers to preliminary fact questions that do not go to the root of the action.

In the case at bar the contract to arbitrate involves a determination of all questions by the arbitrators and the distinction between arbitration and appraisal is not applicable.

The judgment of the trial court is reversed and the cause remanded.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.