IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

# LEE WAREHOUSE LIMITED PARTNERSHIP by WAREHOUSES INC., v. JEPCO CONSTRUCTION CO., A Sole Proprietorship, and JOSEPH E. PROCTOR, its Owner

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 98-1043     Hon. W. Frank Brown, Chancellor**

---

**No. E1999-01944-COA-R3-CV - Decided June 13, 2000**

---

The action to void a contract under T.C.A. §62-6-103 was dismissed by the Trial Court on the ground that the dispute between the parties had been arbitrated thereby waiving the right to maintain the action. On appeal, we affirm the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

FRANKS, J., delivered the opinion of the court, in which GODDARD, P.J., and SUSANO, J., joined.

William G. Colvin and Jane M. Stahl, Shumacker & Thompson, P.C., Chattanooga, Tennessee, for Plaintiff-Appellant.

Hugh P. Garner, Garner, Lewis & Prickett, Chattanooga, Tennessee, for Defendants Counter-Plaintiffs-Appellees.

**OPINION**

In this action for recission to void a construction contract, the Trial Court, responding to a Motion to Dismiss filed by defendants, dismissed the action.

On appeal, plaintiff insists that the Chancellor was in error in dismissing the action.

The Chancellor set forth several grounds for dismissing the action, but the dispositive issue is whether the Trial Judge correctly found that the plaintiff waived its right to challenge the validity of the arbitration agreement by participating in arbitration without objection.

On January 7, 1997, plaintiff and defendant Jepco entered a contract which provided that Jepco would build a mini-warehouse for plaintiff. Work commenced on the project and plaintiff made several payments to the defendant. Disputes arose between the parties and the parties sought arbitration in accordance with the contract.

On June 11, 1998, plaintiff learned that defendant was not a licensed contractor as required by Tennessee law. Nevertheless, the parties proceeded to arbitration on September 17 and 18, 1998. The issue of the contractor's non-licensed status was submitted to the arbitrator. The arbitrator's decision required plaintiff to pay additional monies to defendant.

The Tennessee Uniform Arbitration Act allows for judicial determination on issues of arbitrability. *See Frizzell Construction Co., Inc. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79 (Tenn. 1999); *City of Blaine v. John Coleman Hayes & Assoc., Inc.,* 818 S.W.2d 33 (Tenn. Ct. App. 1991). However, the right to a judicial determination on the issue of arbitrability may be waived. In *Harmon v. Komisar*, 15 Tenn. App. 405 (Tenn. Ct. App. 1932), this Court held that the plaintiff by participating in a hearing before the arbitrator constituted a waiver of the objections raised in the court action.

As a general rule, a party waives the right to a judicial determination of an issue where the party has participated in arbitration of the issues without raising any objection. *Arner v. Liberty Mutual Ins. Co.*, 233 A.D.2d 321, 321 (N.Y. App. Div. 1996); *Holk v. Biard*, 920 S.W.2d 803 (Tex. App. 1996); *Victor v. Dean Witter Reynolds, Inc.*, 606 So.2d 681 (Fla. App. 1992); *Russell v. World Famous, Inc.*, 767 P.2d 456 (Or. App. 1989).

The plaintiff participated in arbitration, after learning that the defendant did not have a Tennessee contractor's license, and submitted that issue to the arbitrator, requesting that defendant be allowed to recover actual costs pursuant to the Tennessee Contractor's Licensing Act. However, plaintiff did not raise objection that the lack of license voided the contract, thus making arbitration the appropriate venue for resolving the dispute. By participating in the arbitration without objection and submitting the licensing issue, the plaintiff waived his right to subsequently challenge the validity of the contract and the arbitration clause. A party may not take his chances in arbitration and then, if dissatisfied with the results, seek relief in the courts.

We find it unnecessary to discuss the remaining issues, and affirm the judgment of the Trial Court and remand with cost of the appeal assessed to the appellant.