TotteN, J.,
delivered the opinion of the court.
The plaintiff sued the defendant in the circuit court ■of Davidson, on his carpenter’s bill, for building a house for defendant. Some payments had been made, but the justice of the account, as stated, was disputed. Thereon, the parties, by a bond to that effect, referred the whole case to the award of Atkinson and Simpson. Their award was to be the judgment of the court. In their reference bond, the parties recite that their object is, “to get their disputes, differences, and mutual claims oh each other in the premises, finally settled.” And they say: “We agree that said arbitrators shall take our written contract, made in 1850, in relation to said work, and shall examine the work done by said Conger, and where it comes up to the contract, to pass it, and on all the work that does not come up to the contract they are to make a proper deduction, according to quantity and quality; and where the work goes over the contract, they are to allow said Conger a fair valuation for said extra work, according to' quantity and *215 quality; and for work clone out of tbe contract, by said Conger, be is to be allowed a fair valuation for tbe same.” Tbe said James was to be credited for wbat be bad already paid.
Tbe award is in general terms, and decides “ that said James is indebted to, said Conger on account of said work, in tbe sum of two thousand three hundred and seventy-nine dollars and eighty-four cents.”
At tbe June Term, 1852, of tbe circuit court, the parties appeared, and tbe plaintiff moved that said award be made tbe judgment of tbe court, which motion was resisted by tbe defendant. It thereon appeared, by tbe testimony of tbe arbitrators, that tbe sum stated was for tbe whole value of tbe work; that no payments were taken into consideration or deducted therefrom; that payments were spoken of and tbe amount stated to be some ten or fifteen hundred dollars. No proof of payments was offered or called for. It further appears, that a part of tbe work included in tbe original contract, was takep. for extra work, not so included, and its value charged to defendant. This was by mere mistake. One of tbe arbitrators states it at two or three hundred dollars; another at thirty or forty dollars.
Tbe counsel for tbe plaintiff offered to deduct such, payments as defendant, by proof, could show himself entitled to, and also tbe thirty or forty dollars charged by mistake, for extra work; to which defendant objected. Tbe court thereon, refused to make tbe award tbe judgment of tbe court, and tbe plaintiff has appealed in error to this court. Several objections are taken to this award.
Eirst: tbe mistake. "Where a mistake, in a matter of fact, clearly appears on tbe face of the award, or by *216 tbe evidence of tbe arbitrators, that is a valid objection to tbe award. Eor, it is not tbeir judgment, or tbe award they intended to make. Billings on Awards, 61 margin.
Now, here tbe mistake plainly appears, from tbe evidence of tbe arbitrators. They say, that by mistake, they charged tbe defendant, as for extra work, which Avas not extra work, but included in tbe original contract. They differ only as to tbe amount, and tbeir difference in that respect is very considerable. This, however, cannot affect tbe case, as tbe fact of a mistake to an amount that is material, evidently appears.
Second: that tbe award is not mutual or final. An award that is not mutual is void; because, tbe power to make tbe award is confirmed by tbe joint.action of tbe parties, upon mutual agreement to perform it; so likewise it must be final.
It is true, that an award may be good in part, where tbe matter omitted may be clearly separated from tbe matter awarded, and has no dependence upon or connection with it. Stone vs. Philips, 4 Bing., N. C., 40.
But tbe arbitrators have made tbeir award upon one side only. They- have stated tbe value of tbe work done, but have omitted to state tbe payments made upon it. Tbe payments were submitted and may be disputed. They adjudged that defendant is indebted to tbe plaintiff in tbe sum of two thousand three hundred and seventy-nine dollars and eighty-four cents. But this is not so; for tbe bond of submission admits that payments have been made, and were to be allowed. It appears, also, in tbe proof, that these payments are considerable. Tbe award takes no notice of them, but merely determines that defendant is indebted on account of tbe *217 premises, in the amount stated. They do not say that there was no proof of payment or that any proof was offered or demanded. They do not consider that part of the case, though it was necessary to the matter they were considering.
They should have determined the amount of payments, or have stated that no proof of payments was offered. Eor, if judgment be rendered upon this award, how is defendant to procure his credits against it. His payments being submitted, are concluded by the award, in the same manner as if he had pleaded payment to an action on the original demand.
Third: the plaintiff offered to credit the aivard by such payments as defendant, by proof, could show himself entitled to; also to credit it on account of the mistake in the extra work, by thirty or forty dollars.
The answer to this is, that it was not pertinent to the question, whether the award was valid or not. It admits in effect, that it was not valid; and that was the only question to be considered by the court. If it were void, the plaintiff’s offer in this respect, could not cure it and make it valid. Besides, by wdiat form of trial was the comt to ascertain the amount of the payments, the parties not agreeing as to the amount? And as to the thirty or forty dollars on account of the mistake in the extra work, the defendant claims a still greater amount. We consider this offer, on the part of the plaintiff, as a mere'matter of compromise, wdiieh the defendant "was at liberty to accept or not at his discretion. It involves no legal question to be determined by the court.
The award being void, it -was, of course, not error to refuse to make it the judgment of the court.
Judgment affirmed.