NASHVILLE,....................DECEMBER TERM, 1874.

## M. H. MAYS *v.* A. MYATT.

AWARD. *Binding only on parties.* Arbitrators have no authority to go in their inquiries beyond the powers delegated by the terms of the submission.

### FROM DICKSON.

Appeal from the Circuit Court.    JAMES E. RICE, Judge.

T. C. MORRIS for Mays.

STARK & JUDD for Myatt.

DEADERICK, J., delivered the opinion of the Court.

Myatt sued Mays before a Justice of the Peace of Dickson County upon an award made by two arbitrators, one selected by Mays and one by B. C. Hawkins.

Hawkins had done some work as a mechanic on a house for Mays, for which payments had been made. They signed an agreement by which they bound themselves to submit all claims of the parties against the

other to two arbitrators. The arbitrators were selected by them, and awarded that Mays should pay Hawkins one hundred and three dollars, and should pay Myatt one hundred and fourteen dollars and fifty-six cents for material furnished for said house.

Hawkins assigned this award to Myatt, and he obtained judgment before the magistrate for both sums, and Mays appealed to the Circuit Court, where the judgment was affirmed, and he has appealed to this Court. The Court refused to charge the jury, upon request of defendant, that plaintiff, not being a party to the submission, the award in his favor was not binding on defendant. The suit was upon the award. The submission and award were both in writing, and the submission restricts the arbitrators to the accounts between Hawkins and Mays, and Myatt was no party to it. The arbitrators had no authority to go in their inquiries beyond the accounts between the parties to the bond, and had no authority to investigate the matters of account between Mays and Myatt.

There is no evidence of any authority to them in this regard, either written or verbal.

The Court ought to have instructed the jury to the effect that they could not go beyond the powers delegated by the terms of submission.

Reverse the judgment.