Wilburn JACKSON et ux.

v.

Wesley Harold CHAMBERS et al.

Supreme Court of Tennessee.

May 6, 1974.

Charles W. Bone, Goodall & Bone, Gallatin, for plaintiffs-appellants.

F. Dulin Kelly, Hendersonville, for defendants-appellees.

## OPINION

McCANLESS, Justice.

This is a discretionary appeal from a decree of the Chancery Court at Gallatin, disallowing the plaintiffs' motion for a decree on an award of arbitrators and sustaining the motion of the defendants, Chambers, to set aside or reject or in the alternative to recommit the arbitration award.

The issues are presented by the complaint and the exhibits thereto and by the answer of the defendants. The appeal is to the Supreme Court under the terms of Section 16-408, T.C.A.

The plaintiff, Wilburn Jackson, by his complaint averred that on February 10, 1972, he had entered into a lease contract with the defendant, Wesley Harold Chambers, leasing seventy-five acres of land for seven years, beginning March 1, 1972; that on February 24, 1973, the defendants, Wesley Harold Chambers, and his wife, Helen Chambers, had conveyed to the defendant, William K. Hale, 9.65 acres of said tract, who had bought it with knowledge of the plaintiff's rights under the lease.

The lease of February 10, 1972, is made an exhibit to the complaint. It is on a printed form and contains this provision:

"6. Arbitration of differences.—Any differences between the parties as to their several rights and obligations under this lease that are not settled by mutual agreement after thorough discussion, shall be submitted for arbitration to a committee of three disinterested persons, one selected by each party hereto and the third by the two thus selected, and the committee's decision shall be accepted by both parties."

The complaint averred further that after the plaintiff had made an attempt to discuss the matter with the defendant, Chambers, arbitrators were appointed under the section of the contract quoted above and that the arbitrators "met in private and reached an agreement setting forth their views as to how these disputes should be settled."

The report of the arbitrators is made an exhibit to the complaint and is as follows:

"We don't feel Harold Chambers had the moral right to sell this land without

a settlement satisfactory to Wilburn Jackson as well as to himself. However, since it could be desirable that the land be sold from Harold Chambers standpoint, we recommend that he offer Wilburn Jackson the following 2 options:

"# 1. Reduce the rent from $2,400. a year to $1,900. a year and give Wilburn Jackson use of the 25 A. mentioned for cutting for feed through Nov. 1, 1973. The reduction in rent to start with the year beginning (has begun) March 1, 1973.

"# 2. Harold Chambers pay Wilburn Jackson $10,000.00 and let him have the feed from the 25 A field at above for 1973 only. Wilburn to remain on place at now through Feb. 28, 1974 at which time the lease is cancelled and Wilburn Jackson move unless both parties want to re-negotiate the contract.

| If Wilburn stays, | James Dyer |
| no more land to be | E. R. Henderson |
| taken from his | |
| custody. | Marvin E. Farris" |

The fifth paragraph of the complaint is as follows:

"5. The Defendant, WESLEY HAROLD CHAMBERS, has indicated his refusal to accept the agreement of the Arbitration Committee, and the Defendant, WILLIAM K. HALE, has moved his agents and employees onto the property leased by WILBURN JACKSON with plans to disrupt said property in many ways, including, but not limited to, the cutting of fence, the laying of sewer lines, the driving of numerous stakes and considerable excavation to prepare said property for a subdivision."

The plaintiffs prayed among other things that the decision of the Arbitration Committee be affirmed by the Court and made the judgment of the Court, with the addition of appropriate damages, costs and attorneys' fees for the refusal of the defendants to accept the decision of the Arbitration Committee.

■ The agreement to arbitrate was provided for in the lease contract that the parties entered into on February 10, 1972. The "differences between the parties" occurred after the date of the contract and the agreement to arbitrate was never entered of record in any court. The common law is applicable and Code Sections 23–501 to 23–519, inclusive, T.C.A., are not applicable to the controversy. Meirowsky v. Phipps, 222 Tenn. 112, 432 S.W.2d 885 [1968].

■ The award of the arbitrators was defective in that it was not final but consisted simply of two different suggested settlements. In Conger v. James, 32 Tenn. 213 [1852], the Court said:

"An award that is not mutual is void; because the power to make the award is confirmed by the joint action of the parties, upon mutual agreement to perform it; so, likewise, it must be final."

■ Nothing in the record indicates that the parties gave the arbitrators instructions as to the issues they were expected to arbitrate. The validity of the lease contract was not a proper subject of consideration by the arbitrators, yet they suggested substantial revisions in the options they submitted. In their suggestion of changes in the lease contract the arbitrators went beyond the scope of any differences shown to have existed between the parties to it. The arbitrators had no authority to go in their inquiries beyond the powers delegated by the terms of the submission. Mays v. Myatt, 62 Tenn. 309 [1874].

The report of the arbitrators was invalid, and the rights of neither party are affected by it. Neither the plaintiff's title, the validity of the contract, nor the right of any party to this leased land was in dispute. The only actionable wrong charged in the complaint was that of the defendant,

William K. Hale, in the fifth paragraph of the complaint which we have quoted above.

The defendant, Hale, was not a party to the lease contract and was not bound by the agreement to arbitrate. He is amenable to the processes and decrees of the court and may be caused to cease any trespasses of which he may be guilty and to respond in damages therefor. Under the facts alleged the plaintiff's remedy was not by arbitration but by an action against this defendant.

We remand the cause to the Chancery Court for such further action as may be required. The costs of this appeal are adjudged against the appellants.

FONES, J., and JENKINS and LEECH, Special Justices, concur.

DYER, C. J., not participating.