IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 10, 2011 Session

# LEE BROWN AND GUTTERSHUTTER OF NASHVILLE, LLC v. DAVID STYLES ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 35892      Robbie T. Beal, Judge**

---

**No. M2010-02403-COA-R3-CV - Filed August 18, 2011**

---

Appeal from a judgment confirming an arbitration award. The principle defense is that the appellant, the party against whom the arbitration award was issued, was never a party to the arbitration agreement at issue and did not participate in the arbitration proceedings. The trial court confirmed the arbitration award and enrolled a judgment against the appellant in the amount of $78,956.80 plus costs. We reverse the confirmation of the award against the appellant upon the finding that the trial court lacked subject matter jurisdiction to confirm the award. This is because the statute which confers jurisdiction upon the court to confirm arbitration awards, Tenn. Code Ann.§ 29-5-302, requires a written arbitration agreement between the parties, and there is no written agreement between the appellant and appellee to arbitrate. Thus, the trial court was without jurisdiction to confirm an arbitration award against the appellant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Timothy H. Nichols, Nashville, Tennessee, for the appellant, Lee Brown.

T. Holland McKinnie and Keith J. Woodruff, Franklin, Tennessee, for the appellees, David Styles and Goldie Styles.

## OPINION

This action arises from a contract between GutterShutter of Nashville, LLC, and the Appellees, David and Goldie Styles, for the installation of a gutter system on the Styles' home. The Styles negotiated the contract with Jerry Hall, an employee of GutterShutter. The

contract was signed on September 27, 2007. Lee Brown, a counter-defendant in this action, was the owner of the now defunct GutterShutter, LLC; however, Brown did not sign the contract, either individually or as a representative of GutterShutter, and his name does not appear in the contract between the Styles and GutterShutter.

The contract between the Styles and GutterShutter contains an arbitration provision which states that "[a]ll claims arising out of this Contract by either Customer or Company shall . . . be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association."[1] The Styles are identified in the contract as the "Customer" and GutterShutter is identified as the "Company."

Following the installation of the gutter system by GutterShutter, water began to flow into the Styles' home causing damage. Approximately a year after the signing of the contract, in September 2008, the Styles filed a demand for arbitration pursuant to the arbitration clause in the General Conditions section of the contract. Since GutterShutter was administratively dissolved on August 22, 2008, one month prior to the Styles filing their demand for arbitration, the Styles' demand for arbitration listed both GutterShutter of Nashville, LLC, and Lee Brown as parties to the arbitration.

Brown did not respond to the demand for arbitration, nor did Brown attend or otherwise participate in the arbitration hearing on March 4, 2009. GutterShutter did not respond or participate either.

On March 17, 2009, the arbitrator entered an Arbitration Award in favor of the Styles against Brown and GutterShutter for $63,858.75 plus pre-judgment interest.[2] The arbitrator

---

[1]The entire arbitration provision in the contract states:

All claims arising out of this Contract by either Customer or Company shall be commenced within one (1) year from the date of the cause of action. The parties agree that any and all claims or controversies arising out of this Contract, including without limitation, a claimed breach thereof, shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association and any judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The Company, if it prevails in any arbitration or court action to force arbitration, shall be entitled to all reasonable attorneys' fees, costs and other expenses incurred in such action and in any way subsequent efforts to collect the amount awarded.

[2]This amount included $15,986.25 for repairs to the home, $2,293.00 for a refund of the contract price, $600.00 for removal and replacement of the gutter system; the foregoing were all trebled under the Tennessee Consumer Protection Act. The amount also included $221.00 for expert testimony expenses,
(continued...)

found that GutterShutter "failed to maintain the proper corporate form," and concluded that Lee Brown was individually liable for the Styles' damages. The arbitrator also found that Brown violated the Tennessee Consumer Protection Act by misrepresenting the quality of the gutters and their workmanship, as well as by failing to honor the "money back guarantee" in the contract.

On May 1, 2009, Brown filed a Petition to Vacate Arbitration Award against him individually because he was not a party to the contract with the Styles and thus was not bound by the arbitration provision in the contract with the Styles.[3] The Styles filed an Answer as well as a Counter-Claim against Brown to confirm the arbitration award against Brown individually pursuant to the Tennessee Uniform Arbitration Act.

Because GutterShutter was not a party to Brown's Petition against the Styles, the Styles filed a separate Complaint against GutterShutter on June 3, 2009, to confirm the arbitration award. GutterShutter never responded to the Complaint and upon a motion of the Styles, the trial court granted a default judgment against GutterShutter in the amount of $78,956.80. The dispute between Brown and the Styles continued.

On July 24, 2009, the trial court dismissed Brown's Petition "without prejudice." Due to Brown's failure to reply to discovery, the trial court also granted a motion by the Styles to have certain facts admitted pursuant to Tenn. R. Civ. P. 36. On January 7, 2010, Brown filed an Answer to the Styles' Counter-Claim, in which he denied any personal liability and requested dismissal of the action against him individually.[4]

Thereafter, the Styles filed a Motion for Summary Judgment on their Counter-Claim to confirm the arbitration award against Brown and a dismissal on the merits of Brown's Petition to Vacate Arbitration Award. The Styles argued that under Tenn. Code Ann. § 29-5-313, Brown had 90 days from the time he received notice of the arbitration award to file an "application" to vacate the award. Brown's original petition was filed within the 90-day time limit, however, this petition had been dismissed on July 24, 2009, and Brown had failed to file another petition within the year following. The Styles further contended that the dismissal became final on July 24, 2010, and the Answer filed by Brown in response to their Counter-

---

[2](...continued)
$5,000 in attorneys' fees, and $2,000 for the costs of arbitration.

[3]Brown also argues that the award was not personally delivered to him but admits that he received actual notice of the arbitration award.

[4]Prior to the filing of his answer, the trial court also granted a motion by the Styles for sanctions against Brown for his failure to attend a scheduled deposition.

Claim was insufficient to constitute a refiling of the petition or a new application, because it was merely a general denial of personal liability. Thus, the Styles argued that Tenn. Code Ann. § 29-5-313(d) required the trial court to confirm the arbitration award.

On September 13, 2010, Brown filed a Motion to Amend his Answer to the Styles' Counter-Claim to "specifically request that the arbitration award be vacated or modified." Following a hearing on September 20, 2010, the trial court granted the Styles' motion for summary judgment, finding that the July 2009 dismissal of Brown's Petition was "now a final order" and that the savings statute codified at Tenn. Code Ann. § 28-1-105 was not applicable; therefore, the Styles were entitled to a judgment against Brown in the amount of $78,956.80 plus costs. The trial court denied Brown's motion to amend. Brown filed a timely appeal.[5]

**ANALYSIS**

To place the issues on appeal in the proper context, we begin by summarizing certain general principles governing arbitration contracts. "In general, arbitration agreements in contracts are favored in Tennessee both by statute[6] and existing case law." *Benton v. Vanderbilt Univ.*, 137 S .W.3d 614, 617 (Tenn. 2004).[7] This, of course, presumes there is an enforceable written agreement *between the parties. See* Tenn. Code Ann. § 29-5-302. It should go without saying, that "*[a]n arbitration clause does not bind one not a party to the contract.*" *C.O. Christian & Sons Co. v. Nashville P.S. Hotel, Ltd.*, 765 S.W.2d 754, 757 (Tenn. Ct. App. 1998) (emphasis added). This is because arbitration is a matter of contract and a person cannot be forced to arbitrate disputes under an arbitration provision to which he has not assented. *See Frizzell Construction Co. v. Gatlinburg, LLC*, 9 S.W.3d 79, 84 (Tenn. 1999); *Cocke County v. Bd. of Highway Commissioners*, 690 S.W.2d 231, 237 (Tenn. 1985) (citing *Jackson v. Chambers*, 510 S.W.2d 74 (Tenn. 1974)) (stating "arbitration clauses are not binding on third parties who are not parties to the contract").[8]

---

[5]GutterShutter did not file an appeal; therefore, we do not disturb the judgment against GutterShutter.

[6]Although the contract does not explicitly state that the Tennessee Uniform Arbitration Act (TUAA) applies, neither party argues that the Federal Arbitration Act applies; therefore, we apply the TUAA.

[7]"The Legislature, by enacting a Uniform Arbitration Act, embraced a legislative policy favoring enforcement of such agreements." *Buraczynski v. Eyring*, 919 S.W.2d 314, 318-19 (Tenn. 1996).

[8]The Tennessee Supreme Court has held that, in certain circumstances, a third party beneficiary may be bound by the provisions of an arbitration agreement, such as when he or she was an intended beneficiary under the contract and sought to enforce his or her rights under the contract. *See Benton v. The Vanderbilt University*, 137 S.W.3d 614, 620 (Tenn. 2004). Such is not the case here.

In that this is an action to confirm an arbitration award against Brown, it is essential for us to recognize that a court obtains jurisdiction to confirm an arbitration award pursuant to Tenn. Code Ann. § 29-5-302, and this statute is the sole source of the court's subject matter jurisdiction to confirm arbitration awards.[9] The statute expressly provides that a court's jurisdiction to confirm an arbitration award is obtained pursuant to the following:

(a) ". . . *a provision in a written contract* to submit to arbitration any controversy thereafter arising *between the parties* is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract; . . .

(b) *The making of an agreement* described in this section providing for arbitration in this state *confers jurisdiction on the court to enforce the agreement* under this part and to enter judgment on an award thereunder.

Tenn. Code Ann. § 29-5-302 (emphasis added). Absent the above circumstances, the courts lack subject matter jurisdiction to confirm arbitration awards.

Here, the Styles entered into the contract at issue with GutterShutter of Nashville, LLC, not with Lee Brown individually. It is also undisputed that Brown is not a named party and he is not a signatory to the contract; in fact, Brown's name does not appear anywhere in the contract. Moreover, Brown did not negotiate the contract with the Styles. Brown was, however, the owner of GutterShutter of Nashville, LLC, when the contract was executed in September 2007 and when the company was dissolved a year later in August 2008, a fact that may or may not make Brown liable for certain obligations of GutterShutter but it does not make him a party to the agreement to arbitrate at issue here.

With the above undisputed facts being the only material facts relevant to what we have determined to be the dispositive issue, we have concluded that the trial court lacked subject matter jurisdiction to confirm the arbitration award against Brown individually; therefore, the judgment of the trial court must be reversed and the case remanded with instructions to dismiss the counter-claim of the Styles against Brown. Because the trial court lacked jurisdiction in this matter, the other issues presented for our review are rendered moot.

---

[9]The lack of subject matter jurisdiction may be raised by the court or the parties at any time and subject matter jurisdiction may not be waived. *See Gillespie v. State*, 619 S.W.2d 128, 129 (Tenn. Ct. App. 1981). Lee Brown broached the issue of subject matter jurisdiction by arguing that the Tennessee Uniform Arbitration Act only applies to arbitration disputes arising "between the parties" to an agreement to arbitrate, as stated in Tenn. Code Ann. § 29-5-302; however, he did not expressly raise the issue of subject matter jurisdiction in his brief. Nevertheless, as *Gillespie* instructs, we can and do.

The trial court lacked subject matter jurisdiction to confirm the *ex parte* arbitration award against Brown because Brown was not a party to the "written agreement" at issue. As Tenn. Code Ann. § 29-5-302 clearly provides, the making of a written agreement that contains a provision for arbitration "*confers jurisdiction on the court to enforce the agreement. . . and to enter judgment on an award thereunder.*" Tenn. Code Ann. § 29-5-302(a), (b). Absent the above conditions precedent, the trial court lacks jurisdiction to confirm an arbitration award against Brown individually. However, the trial court had jurisdiction to rule on the Styles' application under Tenn. Code Ann. § 29-5-302 to confirm the arbitration award against GutterShutter because GutterShutter was a party to a written agreement that contained a provision for arbitration.[10]

Whether someone, such as Brown, who denies the existence of an agreement to arbitrate is obligated to arbitrate is a decision for the court to make. *See* Tenn. Code Ann. § 29-5-303(a). When a party refuses to arbitrate, the party demanding arbitration may make an application to the appropriate court pursuant to the procedure set forth in Tenn. Code Ann. § 29-5-303(a) to compel the objecting party to proceed with arbitration.[11] The relevant procedure under the Tennessee Uniform Arbitration Act is as follows:

> On application of a party *showing an agreement described in § 29-5-302*, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, *the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party; otherwise, the application shall be denied.*

---

[10] We also note that the arbitrator had no legal authority to issue an award holding Brown individually liable, because Brown was not a party to the agreement to arbitrate. The Tennessee Uniform Arbitration Act, specifically section 29-5-302 states the scope of an arbitrator's authority "is determined by the terms of the agreement between the parties which includes the agreement of the parties to arbitrate the dispute." *D & E Const. Co., Inc. v. Robert J. Denley Co., Inc.*, 38 S.W.3d 513, 518 (Tenn. 2001) (quoting *International Talent Group, Inc. v. Copyright Management Inc.*, 769 S.W.2d 217, 218 (Tenn. Ct. App.1989)). When parties agree to arbitrate, "they are bound by the terms of that arbitration provision . . . [a]rbitrators exceed their powers when the issue that they decide is not within the scope of the agreement to arbitrate." *Id.* The agreement at issue only identifies the Styles and GutterShutter as the parties who agreed to arbitrate. Thus, the arbitrator's authority was limited to the rights and responsibilities of the Styles and GutterShutter arising from their agreement.

[11] For reasons unexplained by this record, the Styles did not make application pursuant to Tenn. Code Ann. § 29-5-303(a), instead they went forward with an *ex parte* arbitration proceeding obviously hoping to prevail in a confirmation proceeding such as this if necessary to enforce the award. One might assume the Styles were confident that Brown was obligated under the arbitration agreement and believed a post-arbitration action to confirm the award was the better course.

Tenn. Code Ann. § 29-5-303(a) (emphasis added).

## IN CONCLUSION

For the reasons stated above, we have concluded that the trial court lacked jurisdiction to confirm the arbitration award against Brown because there is no written agreement between the Styles and Brown, which is an essential element under Tenn. Code Ann. § 29-5-302 to confer jurisdiction upon the trial court. Accordingly, the judgment of the trial court is reversed, and this matter is remanded with instructions to dismiss the Styles' Counter-claim against Brown. Costs of appeal are assessed against David and Goldie Styles.

_____

FRANK G. CLEMENT, JR., JUDGE